## THOMAS' ADMR'X *vs.* THOMAS ET AL.

[ACTION ON PROMISSORY NOTE BY PAYEE AGAINST MAKER.]

1. *Section 2704, Revised Code, construed.*—Where the defendant is introduced and examined as a witness in his own behalf, it is competent for the plaintiff, being administratrix, to ask the defendant on cross examination, a question in relation to a transaction between witness and plaintiff's intestate, for such witness is then "called to testify thereto by the opposite party," within the meaning of § 2704, Revised Code.

2. *Damages ; measure of, in actions on contracts payable in confederate money.* In actions upon contracts, executed with an understanding or agreement that the same should be discharged by a payment in Confederate currency, or treasury notes, the measure of the plaintiff's recovery is the value of such currency, or treasury notes, at the time payment is to be made ; and if, at that time, such treasury notes should be of no value, then nominal damages only can be recovered.

APPEAL from the Circuit Court of Pike.

Tried before HON. H. D. CLAYTON.

THIS action was brought by Martha J. Thomas, as administratrix of the estate of John F. Thomas, deceased, against Wade H. Thomas, James C. Cade, and William Thomas ; was commenced on the 9th January, 1866, and was founded on a promissory note for $4,315, made by the defendants, on the 30th November, 1864, payable to the plaintiff's intestate, or bearer, twelve months after date. The bill of exceptions shows that the note sued on was executed by defendants to John F. Thomas, plaintiff's intestate, for property purchased by said Wade H. Thomas, under the following circumstances, viz : One James Thomas had died intestate, and his heirs, all being of full age, met together on the 24th day of November, 1864, and agreed upon a destribution of his estate, without administration ; and upon said distribution, the note in controversy was given by Wade H. Thomas, who was a distributee, to the plaintiff's intestate, to make up his *pro rata* share, as a distributee of said estate. The other facts necessary to a

correct understanding of the legal questions here discussed and decided, will appear from the opinion of the court.

WATTS & TROY, for appellants.

J. N. ARRINGTON, SAM'L F. RICE, *contra.*

JUDGE, J.—On the trial below, the defendant was introduced as a witness in his own behalf, "only to prove the credits which were endorsed upon the back of the note sued on." After testifying in relation to these credits, and nothing else, the *plaintiff*, on cross examination, asked the the defendant, "what was the verbal agreement and understanding between himself and the other heirs, as to the currency in which the notes given at the division, including the one signed by the defendant, were to be paid, when the same became due?" This question was objected to on the part of the defendant, on the ground that it called for evidence in relation to a transaction between the witness and plaintiff's intestate, which it was insisted the witness was incompetent to prove, unless the plaintiff would make the defendant, his, plaintiff's witness. This the plaintiff declined to do, and the court, in obedience to defendant's objection, refused to permit the defendant to answer the question, and the plaintiff excepted.

Section 2704 of the Revised Code, provides that in an action like the present, "neither party shall be allowed to testify against the other as to any transaction with, or statement by, the testator or intestate, unless *called* to testify thereto by the opposite party."

The court below seems to have construed the phraseology of the section of the Code above quoted, to mean, that neither party can, under any circumstances, call upon his adversary to testify as to any transaction with, or statement by, the testator or intestate, unless he makes such adversary *his witness.* We cannot yield our assent to this interpretation. The defendant having been introduced and examined as a witness in his own behalf, it was competent for the plaintiffs to ask the defendant, on cross examination, the question which was propounded to him, and he should

8

have been required to answer it ; for he was then *"called"* by the opposite party, within the meaning of the statute, to testify as to a transaction with the plaintiff's intestate. It is not an indispensable pre-requisite to the validity of such a call, that the party making it should make the party called on his witness, when the latter is already on the witness stand, and subject to a cross examination.

2. In actions upon contracts executed with an understanding or agreement that the same should be discharged by a payment in Confederate currency or treasury notes, the measure of the plaintiff's recovery is the value of such currency or treasury notes, at the time payment is to be made ; and if at that time, such treasury notes should be of no value, then nominal damages only can be recovered. See *Kirtland v. Moulton*, decided at the present term, where this question is fully discussed.

It follows that the court erred in the rulings as to the law upon this question.

We deem it unnecessary to pass upon the other questions presented by the record, relating, as they do, to the admission or rejection of evidence. From their character, we think it probable they will not again arise in the cause—at least they may not be again presented in the same form.

Judgment reversed and cause remanded.