# Garrett *et al. v.* Bruner, Adm'r.

### *Application for the Sale of Land.*

1. *An application to a court of probate for an order to sell land, is a proceeding in rem.*—An application to a court of probate for an order to sell land of a decedent for the payment of debts, when collaterally assailed, is regarded as a proceeding *in rem*, and jurisdiction of the thing, not of persons, is the controlling element of its validity. But when the regularity of the proceeding is presented on error, or by appeal, it is regarded as *in personam*.

2. *The necessity of the sale must be proven by the personal representative.* The burden of proof of the necessity for the sale of land rests on the personal representative, whether there is a contest of the application or not; and this fact he must show by depositions. But the contestant may, by oral evidence, controvert the facts stated in the application.

APPEAL from the Probate Court of Lowndes.

Tried before the Hon. J. V. MCDUFFIE.

J. E. Bruner, administrator "*cum testamento annexo* of Charity Garrett, applied to the Court of Probate of Lowndes county for an order to sell the land, described in the petition, for the purpose of paying the debts of the testatrix. The administrator alleged in his petition that he had received no personal property, and knew of none that belonged to the decedent; and that a claim of nearly five hundred dollars had been presented to him in favor of one E. Y. Daniel.

The appellants, M. E. Garrett, William J. Garrett, and other heirs, denied the allegations of the petition in the following manner, viz.: "M. E. Garrett and other heirs-at-law of the estate of Charity Garrett, deceased, by their attorneys, come and deny the allegations of the foregoing petition, and aver that the same are untrue."

On the hearing of the application, the administrator, with other evidence, introduced the following deposition of E. Y. Daniel: "To second interrogatory, he saith, 'W. J. Garrett signed said note, and the name of Charity Garrett was signed to said note by her daughter, in her presence, and at the request of Charity Garrett. I was present when said note was signed and made. Mrs. Charity Garrett told her daughter, in my presence, to sign her name to the note, and it was thereupon done by her. After her name was thus signed to the note, Charity Garrett, I think, made the mark that is on the note between her Christian and surname; or at all events

[Garrett v. Bruner.]

she directed her daughter to sign her name to the note, and it was done by her daughter in her presence and in mine.'"

To the introduction of this deposition, the contestants objected, and moved the court to strike out and suppress all of the answer to the second interrogatory, "on the ground that the witness therein detailed a transaction with, or statement by, the decedent—the witness being a party interested to the proceeding." The motion was overruled by the court, and the contestants excepted. The interrogatories propounded by the administrator to E. Y. Daniel were crossed by the contestants, and no objection was then made to his examination on the ground of incompetency.

The contestants introduced the depositions of Ellen Garrett, the daughter of Charity Garrett. She testified that "she never saw the note for $480 as purporting to be signed by W. J. Garrett and Charity Garrett, until the week before she made her deposition; that Charity Garrett could not write, and did not know a letter; she lived with her, and did not write the name of Charity Garrett to said note; that she was the only daughter of Charity Garrett with her at the date of said note; but another daughter was on a visit to Hayneville, where her mother resided in the winter of 1871, and she never knew said E. Y. Daniel to come to her mother's house in reference to said note." The contestants offered to prove orally, by two witnesses, in whose handwriting the name Charity Garrett appears to said note, and that it is not in the handwriting of Ellen Garrett." The court refused to hear the evidence, and the contestants excepted.

No evidence was offered tending to show "any indebtedness of the estate, except the $480 note payable to said E. Y. Daniel," and the costs of administration.

The court ordered the land to be sold in accordance with the prayer of the petition. To this action of the court, the contestants excepted.

DAVID CLOPTON, for appellants.

CLEMENTS & ENOCHS, and WATTS & SONS, for appellees. 1. The deposition of Daniel having been taken on direct and cross-interrogatories, without objection as to the competency of the witness, or to any interrogatory, the objection on the trial was too late. The failure to make objection when the interrogatories were filed, was a waiver.—1 Brick. Dig 558, § 121; 30 Ala. 562.

2. The statute requires the evidence to be taken by depo-

[Garrett v. Bruner.]

sition.—Code, § 2228. There was, therefore, no authority to receive oral testimony. This court will not presume the Court of Probate has committed error. It must be clearly shown by the record.

3. The bill of exceptions must be construed most strongly against appellants. This offer to prove the handwriting of Ellen Garrett was properly refused, even if such proof were admissible, because it was not shown that the witnesses knew her handwriting; and they were not competent to express an opinion as to whose handwriting the signature of Charity Garrett appears to be in.—12 Ala. 648; 6 Ala. 212.

4. It was not shown that the name Charity Garrett had been written by Ellen Garrett. The whole offer was then irrelevant and illegal, even if oral testimony was competent and legal on such an issue. If there was any good reason for refusing to permit their witnesses to testify, this court will not reverse.

BRICKELL, C. J.—1. An application to a court of probate for an order to sell lands of a deceased person for the payment of debts, made by the personal representative, when collaterally assailed, is regarded as a proceeding *in rem*, and jurisdiction *of the thing, not of persons*, is the controlling element of its validity. But when the regularity of the proceeding is presented on error, or by appeal, it is regarded as *in personam*. In form it is strictly a proceeding *inter partes*, the personal representative standing as plaintiff, and the heirs or devisees, as defendants. These are the only parties—the creditors who may have claimed, are not parties or privies—the decree rendered is not binding on them; neither establishes the validity, or invalidity of the claims. At common law they would be competent witnesses in the proceeding, not having an immediate interest in its result, and the decree not operating as evidence for, or against them. The statute now removes all objection to the competency of witnesses, except that in suits or proceedings by or against executors or administrators, a party is not allowed against the objection of his adversary to testify to any statement by, or transaction with, the deceased person whose estate is interested.—Code of 1876, § 3058. The objection to the competency of Daniel as a witness, testifying to transactions with, or statements made by the intestate, was not well taken. He was not a party to the proceeding, and of consequence not within the statutory exclusion.

2. An application for the sale of lands may be contested

by any party interested.—Code of 1876, § 2453. The bur-
then of proof of the necessity for the sale, (the insufficiency
of the personal property for the payment of debts), rests on
the personal representative, whether there is a contest of the
application or not, and it is evidence of this fact which he
must show by depositions. Proof by depositions is limited
to this fact, and to the evidence of it, which he must offer
of necessity. On the contest when it arises, the contestants
may by oral evidence controvert the facts stated in the
application. The general law is, that " all testimony, except
as otherwise directed, must be given in open court on the
oath or affirmation of the witness."—Code of 1876, § 3057.
The court erred in excluding the evidence offered by the
contestants, tending to show that the name of the intestate
as it appears signed to the note payable to Daniel, was not
in the handwriting of Ellen Garrett, and showing in whose
handwriting was the signature. It was not a controverted
fact, that the intestate had not in person signed the note.
Its genuineness and validity as a debt against her, depended
on the facts proved by Daniel, that she had authorized Ellen
Garrett to sign the note, and that after the signature by
Ellen, the intestate had affixed her mark. These facts were
disproved by Ellen, and it was competent to corroborate her
by evidence, that the signature was not in her handwriting,
and by evidence showing in whose handwriting it was in
fact. If the evidence had been admitted, the existence of a.
debt would not have been sufficiently proved, and a decree
of sale should not have been rendered.

Reversed and remanded.

Stone, J., not sitting.