# Quarles *v.* Campbell.

*Application by Administrator, for Order to sell Lands for Payment of Debts.*

1. *Averments of petition, as to debts and insufficiency of personal assets.* A petition by an executor, or administrator, for an order to sell lands for the payment of debts (Code, §§ 2450, 2455), must allege, among other things, the existence of debts, their actual or estimated amount, and the insufficiency of the personal assets to pay them; though it is not necessary to give a particular description of either the debts or the assets, that being mere matter of proof.

2. *Proof of "necessity for sale."*—The "necessity for the sale"—that is, the existence and amount of valid debts, and the insufficient value of the available personal assets—must be proved by the depositions of disinterested witnesses, testifying to facts within their personal knowledge; but it is not necessary to prove affirmatively that the witnesses are disinterested, since that fact will be presumed in the absence of proof to the contrary.

3. *Deposition; indorsement by commissioner, showing title of cause.* The 64th rule of chancery practice, requiring the commissioner to indorse on a deposition the title of the cause in which it is taken (Code, p. 170), is directory merely, and the failure to make such indorsement does not render the deposition inadmissible as evidence.

APPEAL from the Probate Court of Lawrence.

In the matter of the estate of John B. Hawkins, deceased, on the application of D. B. Campbell, as administrator with the will annexed, for an order to sell lands for the payment of debts. The administrator's petition, which was filed in January, 1882, and duly verified by his affidavit, alleged that the decedent died seized and possessed of certain lands, which were particularly described; "that the personal property of said estate is insufficient to pay the debts thereof, and the will gives him [the petitioner] no power to sell the lands therefor"; and stated the names, ages and residence of the several heirs and distributees. The application was contested by Mrs. Parthena Quarles, one of the heirs, who demurred to the petition, on the following (with other) grounds: "because said petition does not state the debts, for which said lands are sought to be sold; and because said petition does not aver what debts, or amount of debts against said estate, have been presented or made known to said administrator, and yet remain unpaid, nor does it aver the description, amount or value of the personal effects of said estate, which could be applied to the payment of debts." The court overruled the demurrer, and held the petition sufficient.

[Quarles v. Campbell.]

The administrator filed interrogatories to W. J. Gibson and W. T. Simmons, and offered their depositions as evidence on the hearing of the petition.   The interrogatories propounded to each of the witnesses asked them to state—1st, whether they were acquainted with the lands belonging to the estate, particularly describing them; 2d, whether they were acquainted with the heirs and distributees, their names, ages, and residences; 3d, "Is the personal property of said estate sufficient to pay the debts thereof?"; 4th, "State anything else you may know, in behalf of the application."   Each of the witnesses answered, that he was acquainted with the lands, and that he knew one of the heirs, who was a minor; and in answer to the other interrogatories Gibson answered: "*No, there is no property; I know of no other way of paying the debts, but to sell said lands*"; while Simmons answered, "*No; I know of no way of settling said estate, but to sell said lands.*"   The contestant objected to the admission of these depositions as evidence, because it was not shown that the witnesses were disinterested; and because the title of the cause was not indorsed on the envelope in which the depositions were inclosed. These objections were overruled by the court, and the record does not show that any exception was reserved by the contestant to this ruling; though the bill of exceptions recites, that "said depositions were sealed when delivered to said probate judge, and bore no evidence of any mutilation, or having been tampered with in any way."   The contestant objected, also, to the answers above quoted, "because said witnesses, by their said answers, merely express an opinion upon a subject-matter, or state of facts, without anywhere showing that they had any knowledge of the facts upon which said opinion was expressed; and because neither the interrogatory to which said answer was given, nor any other interrogatory propounded to them, calls for such an answer as would show the witnesses' knowledge of the debts of the estate, or the amount thereof, and the amount and value of the personal property thereof; which objections were overruled by the court, and the evidence admitted; to which the contestant excepted."   The administrator himself was examined orally as a witness, at the instance of the contestant, and testified as to the amount of debts asserted against the estate, and as to the value of the different parcels of land sought to be sold.   On all the evidence adduced, the court ordered a sale of all the lands, as prayed in the petition; to which order and decree the contestant duly excepted.

The overruling of the demurrer to the petition, the several rulings of the court on the evidence, and the final decree, are now assigned as error.

[Quarles v. Campbell.]

E. H. Foster, for the appellant.

W. P. Chitwood, *contra.*

SOMERVILLE, J.—An application to the Probate Court for the sale of lands, for the payment of debts of a decedent, is required to be made by an executor or administrator. Its contents must state, 1st, an accurate description of the lands; 2d, the names of the heirs or devisees, and their places of residence; 3d, which of these, if any, are married women, infants, or *non compotes mentis;* 4th, that the estate of the deceased owes debts to a certain or an estimated amount; 5th, that the personal property of the estate is insufficient in value to pay such debts. The two last averments must be proved by the *depositions* of disinterested witnesses, which are required to be filed of record; and the application must be verified by oath. These are substantially the requirements of the statute.—Code, 1876, §§ 2450, 2455. Where there is a will, the fact should be so stated, and accompanied with the averment that it confers no power to sell the lands for the purpose of paying such debts. Code, § 2447.

The purpose of all pleadings is to eliminate an issue. They are required, therefore, generally to state *facts*, and not mere legal inferences, or conclusions of law.—2 Brick. Dig. 330, § 3. It is true that "the strictness of the old rules of pleading has been greatly relaxed, and courts of the present day do not lean to objections which can not affect the substantial justice of the case." *Stein v. Ashby,* 24 Ala. 528. This is peculiarly true under our statutory system of pleading, so far as concerns mere defects of *form*. No objections can be allowed for such defects, "if *facts* are so presented that a material issue, in law or fact, can be taken by the adverse party thereon."—Code, § 2978. So, it is provided, that "the plea must consist of a succinct *statement of the facts* relied on, in bar or abatement of the suit; and no objection can be taken thereto, if the facts are so stated that a material issue can be taken thereon."—Code, § 2987. Of course, all pleadings which conform substantially to the *forms* prescribed by the Code, would be sufficient; and there are cases where the averments of conclusions, in the nature of mixed questions of law and fact, have been sustained by analogy.—*S. & N. R. R. Co. v. Thompson,* 62 Ala. 494, 500.

The application of the administrator, in the present case, did not come up to these requirements, and was obnoxious to at least one of the objections urged in the demurrer of the contestant. It is not averred by the petitioner that there are any debts due by the estate, or that they are of a given amount. But, as mere matters of evidence need not be pleaded, it was unneces-

·sary to describe the particular debts due.   These were matter ·of proof, and not of allegation.   So of the personal assets, a particular description of which was not required.   If the petition had stated that their value was insufficient to pay the debts, this would have been ·the averment of a collective fact not liable to objection.

The court, in our opinion, erred in overruling the demurrer to the application.

It is further urged, that the evidence taken was insufficient to authorize the decree of sale.   In this view we concur, for several reasons.   The statute·requires, that the "necessity of the sale"—or, what is the same thing, the insufficiency of the personal property for the payment of the debts—must be proved by *depositions* taken as in chancery cases.—Code, §§ 2455, 2458. This proof ·can be made only by showing the existence and amount of valid debts, and that the available personal property or assets are not of sufficient value˙to pay or discharge them. This is manifest from section 2456 of the Code, which provides that the court "may direct the sale of *all*, or *such portions* of the real estate, as may *be necessary* to pay the debts." Such an order would be impracticable, without proof of *the amount of the debts*, and the deficiency in value of the personal property.

These are important allegations, the burden of establishing which rests on the administrator; and if· they are successfully controverted, the application can not be granted.—*Garrett v. Bruner*, 59 Ala. 513.   This proof must be made by the depositions of disinterested witnesses, and filed of record.   The depositions of the witnesses, Gibson and Simmons, contain no evidence of any indebtedness of the decedent.   They are otherwise defective, also, in stating merely the deductions of the deponents, without any allegation of the facts within their knowledge from which such conclusions are deducible.

No affirmative evidence was required of the fact that˙the witnesses were disinterested.   Their competency must be presumed, in the absence of evidence to the contrary; the burden of proof, in such cases, being always on the objecting party, to sustain his exception to the competency.—1 Greenl. Ev. § 390.

The neglect of the commissioner to indorse the title of the . cause upon the envelope, as required by the 64th rule of chancery practice (Code, p. 170; § 4458), did not vitiate the admissibility of the inclosed depositions of the witnesses.   Such indorsement is intended only as a convenient method of identification, and is directory merely.

The decree of the Probate Court must be reversed, and the cause remanded.