# Meadows *v.* Meadows.

*Application by Administrator for Sale of Decedent's Lands for the payment of Debts.*

1. *Application for sale of decedent's lands; necessary averments.*—In a petition to the probate court by an administrator for the sale of a decedent's lands, for the payment of debts, or for distribution, if the decedent left a will, that fact should be averred, and also the names of the several devisees; and if the widow is one of the devisees, and she has dissented from the will, these facts should also be stated.

2. *Same; proof of dissent by widow from will.*—Facts within the mere knowledge of a judge, unless of such a character as come within judicial cognizance, can not be considered as part of the testimony in a cause, unless offered in evidence, or admitted in the pleadings; and hence, it is error for the probate court, on the trial of an application by an administrator for the sale of a testator's lands, to consider as evidence the widow's dissent from the will, unless it is actually introduced, although it is on file in said court as one of the papers connected with the administration of the estate.

3. *Same; when averments sufficient.*—Where an application by an administrator to the probate court for the sale of a decedent's lands for the payment of debts avers the amount of the debts due by the estate, and the fact that there is no personal property belonging to the estate, the logical deduction follows that the personal property is insufficient for the payment of debts, and, therefore, a sale of the lands is necessary; and while it is better to allege such inference, the failure to do so does not render the application demurrable.

APPEAL from Lee Probate Court.

Tried before Hon. JAMES K. EDWARDS.

This was an application by W. K. Meadows, describing himself as the "administrator with the will annexed of Isham Meadows, deceased," for the sale of lands belonging to said estate for the payment of debts. The application avers that "the estate of said Isham Meadows is owing debts to the amount of thirteen thousand one hundred and twenty-five 50-100 dollars, that there is no personal property belonging to said estate, and that the will of said decedent gives no power to sell the lands of said estate for the payment of said debts; that the lands of said estate, which it is desirable to sell for the payment of the debts thereof are the following," giving a particular description thereof; and "that the devisees under said will of Isham Meadows are the following, to-wit: W. K. Meadows, B. F. Meadows, T.

VOL. LXXIII.

[Meadows v. Meadows.]

C. Meadows and J. B. Meadows, all of whom are over the age of twenty-one," etc. It is prayed that the lands be sold "subject to the widow's dower." It is not averred that the decedent left a will, or a widow, or that the widow was a devisee, or that she had dissented from the will. Three of the devisees named in the application appeared and demurred to the application, on the grounds that it did not appear therefrom (1) that the said Isham Meadows died seized and possessed of the lands described; (2) or that he left a last will and testament; (3) or that such will had been admitted to probate; (4) or that said lands had been disposed of by will; (5) or that said defendants took any interest in said lands; (6) or that it was necessary to sell said lands for the payment of debts; (7) or that said defendants were the only persons interested in said lands; (8) or whether or not said decedent left any widow. The court overruled the demurrer, and said parties " then took issue on said petition."

On the trial the will of Isham Meadows and the probate thereof were read in evidence. By the will the testator bequeathed all of his real and personal property to his wife, Martha Meadows, to have, hold and control during her natural life. Then follows devises and legacies to his children, the parties named in the application as devisees, to take effect on the death of his wife. After setting out the depositions of two witnesses examined for the purpose of proving the necessity of the sale, etc., the bill of exceptions proceeds: " This was all the evidence in the cause, except the files in the court in the matter of the administration of the estate of Isham Meadows, deceased, show that the widow dissented from his said will, but no evidence of that fact was offered on the trial of this cause, though the court considered all the files in the matter of said estate as in evidence; and thereupon the court made the order of sale as shown by the record, and the defendants excepted."

The overruling of the demurrer to the application, and the decree of sale rendered are here assigned as error.

J. M. CHILTON, for appellants.

W. H. BARNES, contra.

SOMERVILLE, J.—The judgment of the probate court in the present case must be reversed. The widow of the testator, Martha Meadows, was a devisee under his will, and seems to have dissented from its provisions within the period allowed by statute.—Code, 1876, §§ 2292-93. The application of the administrator should have alleged the fact of her being a devisee, and of her subsequent dissent, so that the allegations and proof would correspond. Petitions of this character for the sale of a

[Meadows v. Meadows.]

decedent's lands, either for payment of debts or for distribution, must give the names of all the heirs, or devisees, with their places of residence.—Code, § 2450.

There was no legal evidence of the widow's dissent from the will. It is stated in the bill of exceptions that no evidence of such dissent was offered by either party, but that the court *considered* all the papers connected with the administration as in evidence, and that these files showed such dissent. This was clearly error. Unless the record of Mrs. Meadow's dissent from her husband's will, which the statute requires to be in writing, had been formally introduced as evidence in the trial, the court had no right to consider it as a factor in controlling its judgment. If introduced, the contestants may have interposed some legal objection to it. Facts within the mere knowledge of a judge, unless of such a character as come within judicial cognizance, are not to be considered as a part of the testimony in a cause, unless offered in evidence, or admitted in the pleadings.

The application avers the amount of the debts due by the estate, and the fact that there was no personal property. The logical deduction followed that the personal property was insufficient for the payment of debts, and therefore a sale of the lands was necessary. It would have been more intelligible to have alleged such inference, but the failure to do so was clearly no ground for demurrer. Facts, and not mere inferences, arguments or deductions, are required to be alleged in pleadings under the Code as well as at common law, although the strictness of the ancient rule has been greatly relaxed.—*Quarles v. Campbell, Adm'r,* 72 Ala. 64.

Whether the averment, that "the lands of the estate are the following" (describing them), is tantamount to an averment that the testator died seized of such lands, need not be decided, as the objection, if well taken, is amendable.

The application was further defective in failing to aver the fact that the decedent left a will. The statement of who are devisees is only inferential and descriptive.

There is nothing in the other objections urged by the appellants. The facts necessary to be stated and proved, in an application made by an administrator or executor for the sale of the lands of a decedent's estate for the payment of debts, are mentioned in the case of *Quarles v. Campbell, Adm'r, supra,* where the whole subject is fully discussed, and need not, therefore, be here again reviewed at length.

The judgment of the probate court is reversed and the cause remanded.