# Alford v. Alford.

*Application by Administrator, for Order to Sell Lands for Payment of Debt.*

| 96  | 385 |
| 124 | 436 |

| 96  | 385 |
| 129 | 213 |

1. *Sale of land of decedent to pay debts; competency of creditors to prove debts.*—On an application by an administrator for an order to sell lands for the payment of debts of the intestate, under the Code of 1886, prior to the amendment of section 2765 (Sess. Acts 1890–91, p. 557), creditors of the estate were competent witnesses to prove their debts; section 2111 of the Code not requiring the existence of debts to be proved by the 'deposition of disinterested witnesses "

2. *Same; proof of title of decedent in land sought to be sold* —Proof of possession by the decedent under claim of right is sufficient, when unrebutted, to show that he had an interest in the land which may be subjected to the payment of his debts; and evidence that another person, not shown to have any interest in the land, has undertaken to convey a part of it, is insufficient to rebut the presumption of title in the decedent, based upon his actual possession and claim of right.

3. *Deed in trust; effect of reservation of right to revoke.*—The grantor in a conveyance of land in trust who reserves to himself, for his own benefit, an absolute power of revocation, must, so far as his creditors are concerned, be taken as the absolute owner of the estate conveyed (Code, $ 1849); and, after his death, the land may be sold to pay the debts of his estate, whether he exercised the power of revocation or not.

APPEAL from the Probate Court of Etowah.

Heard before the Hon. JAMES A. TALLMAN.

On the 17th day of July, 1889, a petition was filed in said court by James E. Alford, as administrator of the estate of Jefferson Alford, deceased, asking an order to sell lands for the payment of debts. The petition was in due form, and made the widow and heirs of said decedent parties defendant. The application was contested by several of the heirs, who filed answers denying the allegations of the petition, and "especially that decedent was seized and possessed of said lands at his death, or that there are any debts against said estate for which said land is liable to be sold." The debts

[Alford v. Alford.]

.of the estate were proved by W. L. Echols and W. T. Ewing, who were creditors of the deceased. The defendants objected to the testimony of these witnesses tending to prove the debts of the intestate, on the ground that they were creditors of the intestate, and were therefore incompetent witnesses. The court overruled these objections, and the defendants separately excepted. One of the defendants, William Alford, offered to prove that one Hodges had made a deed to him of part of the land described in the petition; but, on the objection of the petitioner, the court refused to admit this proof, and the defendant William Alford excepted. The defendant Forest Alford, by his guardian *ad litem*, offered in evidence a deed executed by the decedent and his wife on July 3, 1882, to W. L. Echols, as trustee, conveying to said trustee part of the lands described in said petition. This deed contained the following clause: :"The said Jefferson Alford hereby reserves the right and power, should he at any time think proper to do so, to revoke this deed." The petitioner offered in evidence a deed of said Jefferson Alford and his wife, dated August 31, 1886, revoking said deed of trust to said W. L. Echols. The defendant Forest Alford objected to the introduction of this instrument in evidence, on the ground that the makers thereof signed their names thereto by their marks only, and that W. L. Echols, who was the trustee in the deed sought to be revoked, was one of the two attesting witnesses to said deed of revocation, and was incompetent to attest said instrument, because he was a party to the deed it purported to revoke. The court overruled this objection, and allowed the deed of revocation to be read in evidence, and the defendant Forest Alford, by his guardian *ad litem*, duly excepted. The court granted the petition of the administrator, and made an order for the sale of the land for the payment of debts. The defendants appeal, and severally assign the various rulings as error.

JAMES AIKEN, for appellants, cited *Quarles v. Campbell*, 72 Ala. 64; *Dolan v. Dolan*, 89 Ala. 256; *Stevenson v. Murray*, 87 Ala. 442; *Coleman v. State*, 79 Ala. 49; *Levy v. Block*, 88 Ala. 290; *Chardavoyne v. Lynch*, 82 Ala. 376; *Carlisle v. Campbell*, 76 Ala. 247.

R. A. D. DUNLAP, *contra*.

WALKER, J.—In cases of intestacy, the written application of the administrator for the sale of lands for the pay-

[Alford v. Alford.]

ment of debts must contain: 1st, an accurate description of the lands; 2d, the names of the heirs, their places of residence, and a statement whether any, and which of them are under the age of twenty-one years, or of unsound mind, or are married women; 3d, averments showing the insufficiency of the personal property to pay debts, and, 4th, that the estate of the deceased owes debts to a certain or an estimated amount.—Code, §§ 2104 and 2106; 3 Brick. Digest, p. 466, §§ 170 *et seq.* On the hearing, the applicant must show to the court that the personal property is insufficient for the payment of debts; and such proof must be made by the deposition of disinterested witnesses, and filed and recorded. Code, § 2111. The last mentioned section does not require that, in case of a contest of the application, all the controverted allegations of the petition for the sale of land must be proved by the deposition of disinterested witnesses. The one fact required to be proved by such testimony is the insufficiency of the personal property of the estate for the payment of debts. In *Garrett v. Bruner*, 59 Ala. 513, it was held, that, on the hearing of such an application, a creditor was a competent witness to prove his debt, as he was not a party to the proceeding, and was not, therefore, within the exception to the statute on the subject of the competency of witnesses as affected by interest.—Code, § 2765. (It may here be noted that this section of the Code has been amended since the trial of the case under consideration.—Acts of Ala. 1890 -91, p. 557.) It is asserted in *Quarles v. Campbell*, 72 Ala. 64, that the averment of the petition as to the existence of debts must be proved by the deposition of disinterested witnesses. This assertion was not necessary to the decision in that case, as the order of sale there in question was reversed and set aside on the ground that there was no evidence of any indebtedness of the decedent. We do not think that the *dictum* in that case as to the proof required of the existence of indebtedness is a correct statement of the law. We are satisfied that in such a proceeding the creditors themselves were, prior to the amendment of the statute above referred to, competent witnesses to prove their debts, as was decided in *Garrett v. Bruner, supra.* The language of section 2111 does not refer to the manner of proving the existence of debts. Debts being proved by evidence not rendered incompetent by other provisions of law, the further fact that the personal property of the estate is insufficient for the payment of such debts must be proved by the depositions of disinterested witnesses. The object of the statute is to require very satisfactory proof of the saleable

[Alford v. Alford.]

value of the personal property, so as to show the necessity of resorting to the land of the decedent for the payment of his debts. When the value of the personal property is proved by the depositions of disinterested witnesses, and it appears that such value is less than the amount of the debts, which may be otherwise proved, the necessity of subjecting the lands of the estate to the payment of debts is shown in the mode contemplated by the statute.

In the present case, the existence of debts and the amount thereof were proved by witnesses who were interested as creditors. The facts as to what personal property belonged to the estate and the value thereof were testified to by two witnesses, Slack and Hodges, who do not appear to have any interest in the proceeding. The witness Hodges speaks of the decedent in his life-time mentioning to him certain debts owing to other persons, and also a debt to the witness. It appears, however, that the debt to the witness had been paid before his testimony was taken, as he says explicitly that he has no personal knowledge of any debt existing against the estate of the decedent. It clearly appears from the testimony of these two witnesses that the personal property was insufficient for the payment of the debts which were proved by the other witnesses. The testimony on this subject remained uncontradicted. In this respect there was no deficiency in the evidence to support an order for the sale of land.

There was evidence to show that the decedent had been in possession of the lands mentioned in the petition for many years before his death, claiming them as his own, and was at the time of his death in the actual occupancy of said lands. Proof of possession by the decedent under claim of right is sufficient, when unrebutted, to show that he had an interest in the land which may be subjected to the payment of his debts. Proof that another person, not shown to have any title or interest in the land, has undertaken to convey a part of it, is insufficient to rebut the presumption of title in the decedent based upon his actual possession and claim of right. The evidence offered by the defendant William Alford going no further than this, was properly excluded as immaterial.

The question as to the due execution of the deed of revocation is immaterial. In the deed of trust sought to be revoked the grantor reserved to himself, for his own benefit, an absolute power of revocation. In such case, so far as the rights of the grantor's creditors are concerned, he must be taken as the absolute owner of the estate conveyed.—Code, Vol. 96.

[Piedmont Land Improvement Co. v. Piedment F. & M. Co.]

§ 1947.　The land described in the deed of the decedent and his wife to Echols, as trustee, because of the reservation to the decedent of an absolute right of revocation, remained subject to his debts, and could be sold for the payment thereof in the administration of his estate. ·So far as the right to sell it for the payment of debts was concerned, it made no difference whether the power of revocation was executed or not.

No error of injury to the appellants is discovered in the record.

Affirmed.