# Milligan v. Pollard.

*Action on Promissory Note.*

1. *Appeal; harmless error.*—Plaintiffs are not prejudiced by striking out one count of their complaint, when the case is fully presented by another count, under which they had every right and were subjected to the same burdens, they would have had and been subjected to under both counts.

2. *Plea of non est factum; verification.*—A plea by defendant "that

30

his intestate was insane at the time he gave the note sued on," is a plea of *non est factum,* which must be verified.

3. *Insane person; liability upon non-commercial paper; how estate bound.*—Non-commercial paper executed by an insane person is not binding upon him, though his estate may be bound for the consideration in an action upon the common counts.

4. *Action on note; sufficiency of plea of want of consideration.*—In an action on a note a plea "that said note was given by defendant's intestate wholly without consideration" is good, and not subject to demurrer for stating a conclusion.

5. *Effect of a general demurrer under statute.*—A demurrer to a replication upon the grounds that "it presents immaterial issue," and "is no answer to said plea," is general, and, under the statute (Code of 1886, § 2696), should be overruled.

6. *Objection to frivolous pleading; how raised.*—A motion to strike, and not a demurrer, is the proper method by which to raise an objection to pleadings because they are frivolous.

APPEAL from Circuit Court of Cleburne.

Tried before the Hon. GEORGE E. BREWER.

This was an action brought by the appellants against the appellee, as administrator of the estate of J. J. Teague, deceased, and counted upon a promissory note, executed by J. J. Teague to the plaintiffs.

The complaint as originally filed contained two counts. The first, which set out in detail the execution of the note sued on and the personnel of the plaintiff firm, was dismissed on motion of the defendant. The second count was substantially the same and counted upon the same cause of action. The defendant pleaded, 1st, the general issue; 2d, payment; 3d, "that his intestate was insane at the time he gave the note sued on;" and, 5th, "that said note was given by his intestate wholly without consideration." The plaintiffs demurred to the 3d plea, upon the following grounds: (1.) It does not allege that the payee of the note sued on had knowledge of the alleged insanity of the maker, or any facts to put them on notice thereof. (2.) It does not allege that defendant's intestate was without sufficient capacity to transact business when he signed said note. (3.) It does not aver facts showing defendant's intestate's incapacity to execute said note. To the 5th plea the defendants demurred on the following grounds: (1.) That it states no facts showing that the note sued on was without consideration. (2.) It is

[Milligan v. Pollard.]

a conclusion of the pleader. The court overruled the demurrers to each of these pleas. To the 3d plea the plaintiff filed two replications, which were as follows: (1.) "The plaintiff says that said note was given for a valuable and adequate consideration, and at and before the execution of said note by defendants intestate, they had no knowledge or information of the alleged insanity of defendant's intestate, and had no knowledge or information of any facts calculated to put them on notice of said alleged insanity, and they accepted said note in good faith." (2.) "And for further replication to the third plea the plaintiffs say the note was given for necessaries for the use of the defendant's intestate and his family, and suitable to their degree and condition in life." The defendant demurred to each of these replications on the following grounds: (1.) It presents immaterial issue; (2) it is no answer to said plea; and, (3) it is frivolous. The court sustained each of these demurrers, and upon issue joined upon the pleas, there were verdict and judgment for the defendant. Plaintiff appeals, and assigns as error the rulings of the court upon the pleadings.

AIKEN & BURTON, for appellant.—The pleadings in this case were insufficient.—2 Brick. Dig., 330, § 3. The fact that the maker of the note was insane, does not prevent the right of recovery against his estate after his death.—*Gibson v. Soper*, 6 Gray. 279; *Hovey v. Hobson,* 53 Me. 451; 17 Amer. Law Reg. (N. S.) 305 and note, pp. 312-314.

MERRILL & BRIDGES, *contra.*—An insane person having no mind, is incompetent to make a valid contract. Clark on Contracts, 263. A promissory note given by a person *non compos mentis* has no legal validity, although its consideration was the price of necessaries furnished him; and although the price of such necessaries, or their value, is a legal demand against him, or against his estate, yet the note itself is void.—*Davis v. Tarver*, 65 Ala. 98; *Westmoreland v. Davis*, 1 Ala. 299. In such case recovery can only be had on the common counts, and only the reasonable value of the necessaries furnished can be recovered.—Clark on Contracts, 238.

A plea to a note or bond that it was given wholly

without consideration is not subject to demurrer.—*Giles v. Williams*, 3 Ala. 316; *Kolsky v. Enslen*, 103 Ala. 97.

When a demurrer to a special plea is erroneously sustained, it is error without injury, if the defendant had the full benefit of the same facts under another and different plea.—*Cap. City Water Works v. Nat. Meter Co.*, 89 Ala. 401; *Gilman Son & Co. v. Jones*, 87 Ala. 691; *Calhoun v. Hannan*, 87 Ala. 277.

Where issue is joined on several pleas in bar of the action, one of which is good, and the jury by their verdict find the issues in favor of the defendant, the defendant is entitled to judgment; and if the court erred in overruling demurrers to the other pleas, it is error without injury, and will not cause a reversal of the judgment.—*State v. Brantley*, 27 Ala. 44; *Fireman's Ins. Co. v. Cochran*, 27 Ala. 228; *Foster v. Johnson*, 70 Ala. 249; *Mudge v. Treat*, 57 Ala. 1.

McCLELLAN, J.—Plaintiffs were not prejudiced by the striking out of the first count of their complaint. Their case was fully pesented by the second count, and under that they had every right and were subjected only to the same burdens they would have had and been subjected to under both counts.

The 3d plea of the defendant, "That his intestate was insane at the time he gave the note sued on," was essentially a plea of *non est factum*, and as such was bad for the want of verification.—*Winston v. Moffet*, 9 Port. 518. But this objection was not made to it. The objections which were made by demurrer were untenable. With us an insane man cannot bind himself by a contract, though his estate may be bound for the consideration upon the common counts, unless, possibly, according to some authorities, the contract is commercial paper in the hands of a *bona fide* holder for value without notice. The suit here is not on the common counts, but on the paper, which is not commercial.—*Davis v. Tarver*, 65 Ala. 98.

The 5th plea, "That said note was given by defendant's intestate wholly without consideration," is a good plea.—*Giles v. Williams*, 3 Ala. 316; *Kolsky v. Enslen*, 103 Ala. 97.

The replications filed by plaintiffs to the third plea were bad, but the demurrers thereto are general de-

murrers, and one of the assignments, that the replication is frivolous, presents an objection not proper to be presented except by motion to strike.   The statute forbids the allowance of general demurrers, declaring: "No demurrer in pleading can be allowed but to matter of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer."—Code of 1886, § 2690; *Donegan & Tabor v. Wood,* 49 Ala. 242.   The trial court should have overruled these general assignments of demurrer, and put defendant to specific assignments, or, failing that, to issue on the replications.—See *Browder v. Irby, ante,* p. 379.

Reversed and remanded.