# Blackwell v. Harbin.

### Ejectment.

(Decided April 9, 1914. 65 South. 35.)

1. *Fraudulent Conveyances; Reservation of Power; Statutes.*—A clause in a deed reserving to the grantor the right to cancel the deed at any time for any cause he might think proper, reserves to him an absolute power of revocation, for his own benefit, within the meaning of section 3422, Code 1907.

2. *Same; Subsequent Purchaser.*—A purchaser, whether he took with or without knowledge of the existence of the deed, reserving the right of revocation, from a grantor who reserved the right to cancel a former deed at any time and for any cause, acquires title to the premises just as though the grantor had never executed said former deed.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Statutory ejectment by Hardy Blackwell against James L. Harbin. Judgment for defendant and plaintiff appeals. Affirmed.

NORMAN GUNN, for appellant. The court was in error in holding the deed to plaintiff to be within the purview of § 3422, Code 1907, and in not permitting appellant to show that the grantee of Mayo had actual notice of the deed and claim of appellant.—*Rankin M. Co. v. Bishop,* 137 Ala. 271; *Seeley v. Curtis,* 61 South. 807. The court erred in refusing the affirmative charge for appellant and in giving the affirmative charge for appellee.—§ 3422, Code 1907; *Vandegrift v. Shortridge,* 61 South. 897; *Chambers v. Ringstaff,* 69 Ala. 140; 77 N. Y. Supp. 643. The granting clause always controls.—*Williams v. Hodges,* 160 Ala. 266; *Hill v. Gray,* 160 Ala. 273.

DAVIS & FITE, for appellee. The grantor reserved the power of revocation, and understood the legal effect of

the same, as is evidenced by the last clause of said deed, and the deed is covered by § 3422, Code 1907; *Alford v. Alford,* 95 Ala. 385; *Mays v. Burleson,* 61 South. 75.

McCLELLAN, J.—Statutory ejectment, instituted by appellant against appellee.

The affirmative charge was given for the defendant, upon his request; and a like instruction for plaintiff was refused.

On April 7, 1906, A. H. Blackwell was the owner of the land in controversy. On April 7, 1906, for a valuable consideration recited, A. H. Blackwell executed to Hardy Blackwell, his son, a warranty deed describing the land in suit. This instrument was filed for record and recorded July 14, 1910. In that instrument, just preceding the habendum clause the following appears: "The consideration of this deed is such that I, A. H. Blackwell, the grantor may at any time or for any cause that he may think proper cancel this deed, that it shall be null and void, but, if not canceled it shall be in full force and shall be bonified deed to Hardy Blackwell, his heirs and assigns forever. I hereby cancel the deed made to Nancy Ann and G. W. Clark except lot No. 50 and block No. 4—the lot their house stands upon, together with all and singular the tenements and appurtenances thereunto belonging or in anywise appertaining."

On November 25, 1908, A. H. Blackwell executed to J. M. Mayo, for a valuable consideration recited, a warranty deed describing the land in controversy. This instrument was filed for record and recorded May 4, 1909. On August 28, 1909, Mayo and wife executed to J. L. Harbin, for a valuable consideration recited, a warranty describing the land in suit. This instrument was filed for record and recorded on December 15, 1909.

Code, § 3422 (section 1045 of the Code of 1896) provides: "When the grantor in any conveyance reserves to

himself, for his own benefit, an absolute power of revocation, such grantor must be taken as the absolute owner of the estate conveyed, as to the rights of creditors and purchasers."

In the case of *Alford v. Alford,* 96 Ala. 385, 11 South. 316, where the question involved the rights of creditors to have satisfaction of their demands out of lands described in a deed executed by the debtor, but in which the power to revoke was reserved, the court said of the quoted statute and of its effect: "The question as to the due execution of the deed of revocation is immaterial. In the deed of trust sought to be revoked the grantor reserved to himself, for his own benefit, an absolute power of revocation. In such case, so far as the rights of the grantor's creditors are concerned, he must be taken as the absolute owner of the estate conveyed.—Code, § 1947. The land described in the deed of the decedent and his wife to Echols, as trustee, because of the reservation to the decedent of an absolute right of revocation, remained subject to his debts, and could be sold for the payment thereof in the administration of his estate. So far as the right to sell it for the payment of debts was concerned, it made no difference whether the power of revocation was executed or not."

We see no escape from the conclusion prevailing with the trial court— a conclusion compelled by the manifest effect of the statute set out above upon the provisions of the deed of April 7, 1906. The deed to Hardy Blackwell contained such a reservation as impressed the instrument with the effect the statute plainly provides. The reservation made was for the benefit of the grantor. As provided therein, the power reserved was with the evident purpose to restore the beneficial interest to the grantor. There is no indication of intent to vest a benefit in, or to confer a benefit upon, any other person.

[Blackwell v. Harbin.]

The power reserved was absolute. Its character and extent was not impaired by the appropriation, in expression of intent, of the word cancel. The language employed manifested the unmistakable purpose of the grantor to reserve the power to render void the conveyance at his will. He did so in this instance by making conveyance, with warranty, to another—an act in immediate opposition to and repudiation of the legal efficacy of the instrument of April 7, 1906, and in expression of an exercise by the grantor of the power reserved therein. A conveyance of the character defined in the statute still leaves the grantor, as far as the rights of creditors and purchasers are concerned, the absolute owner of the estate conveyed. And one who purchases from the grantor—whether with or without knowledge or notice of the previous existence of the instrument in which the reservation was made—and takes his conveyance is protected in the title conveyed to him, just as if the grantor had not made the previous instrument, to another, containing the reservation of a power of revocation.

The plaintiff's reliance for right to recover, viz., the deed of April 7, 1906, was necessarily without effect to that end, whether delivered to him by the grantor or not. The affirmative charge was defendant's due.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and SOMERVILLE. JJ., concur.