# May *v*. Folsom.

*Bill in Equity for the Foreclosure of a Mortgage.*

1. *Equity practice; illegal reference to the register; how reviewed on appeal.*—Where in a suit for the foreclosure of a mortgage, the defendant pleaded usury, and the chancellor, before any evidence was taken in the cause, ordered a reference to the register to ascertain and report the amount due upon the mortgage, including interest and without interest, and the amount of the usurious interest, if any, included in the mortgage debt, and there was no decree in the case until after the register had held the reference and made his report in accordance with such directions, the legal conclusion of the register, as announced in his report, amounts to nothing, since it was the province of the court to determine the law of the case; and upon appeal from the decree of the chancellor based upon such finding, the case will be considered as if it had been submitted and tried on evidence taken in the usual manner, without reference to the conclusions of the register on the evidence taken by him.

2. *Usury; sufficiency of plea.*—A plea, setting up usury and claiming usurious payments to have been made on a debt, must distinctly and correctly set forth the terms and nature of the usurious agreement and the amount of the payments; and when the statements contained in a plea of usurious payment are general, without-specification, such plea is wholly insufficient.

3. *Bill to foreclose mortgage; when debt not affected by usury; facts of this case.*—On a bill filed to foreclose a mortgage, where the defendant pleaded usury, it was shown that the defendant, who was indebted to one A., procured through him a loan from complainant for the purpose of paying such debt, and gave a mortgage, which, though executed to A., was with the defendant's knowledge taken for the benefit of the complainant, and was transferred to him immediately upon its execution. There was usury included in the debt of defendant to A., which was paid with the money borrowed from complainant, but it was not shown that the complainant had any knowledge of the usurious transactions between A. and the defendant. *Held:* That the complainant was not affected by the usury included in the debt of defendant to A. for the payment of which the money was borrowed, and that

[May v. Folsom.]

the complainant's right of foreclosure for the full amount of the mortgage debt could not be affected or abated by such usury.

4. *Same; effect of usury.*—Upon the foreclosure of a mortgage, if a proper plea of usury is established, the defendant is entitled to be discharged from the payment of any interest whatever on the debt.

APPEAL from the Chancery Court of Dale.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed on February 19, 1895, by the appellant, Kate F. May, against the appellees, Jackson Folsom and wife and W. U. Acree. The purpose of the bill was to reform and perfect the transfer to the complainant by the defendant, W. U. Acree, of a certain mortgage made by the defendants, Jackson Folsom and wife, to said Acree, and after perfecting such transfer to have said mortgage foreclosed.

The bill averred that the transfer on the back of the mortgage in question was insufficient to pass the legal title from Acree to complainant, although Acree had intended to make a valid, legal transfer thereof, and had been paid therefor by complainant. Said mortgage was properly executed by Folsom and his wife. Acree filed an answer admitting the allegations of the bill and declaring his readiness, at any time to make a proper transfer of the mortgage. This matter, however, is not involved in the present appeal. Jackson Folsom and his wife filed their answer admitting the execution of the mortgage to Acree, but denying that they owed complainant or said Acree anything on said mortgage. In addition to these admissions and denials, their answer contained the following averments: "And for further answer to all the paragraphs of the bill, these respondents aver that said note and mortgage are entirely invalid and void, and of no force and effect, either in law or in equity; that all the consideration entering into said note and mortgage is usurious interest on an old debt which these respondents formerly owed to W. U. Acree; that sometime during the year 1888, these respondents were indebted to one John B. Kelly in the sum of $1,300.30; that said Kelly came to respondents and told them that he was needing his money, and that said W. U. Acree would lend them the money with which to pay him, at the rate of 16 per cent. interest; that thereupon these respondents executed to said Acree a mortgage for the amount due to Kelly and agreed to pay to said Acree in-

terest for indulgence with them on said sum at the rate of 16 per cent. per annum, amounting to $208.04 per annum of usurious interest; that these respondents, not being able at the maturity of said mortgage to said Acree to pay the whole amount due thereon, procured an extension with said Acree of the balance due; that they have continued under an agreement with said Acree, from year to year, to pay him each year 16 per cent. per annum on the amount claimed by him at the end of each year to be due to him, renewing from time to time their mortgage to him; that said Acree has all along charged these respondents 16 per cent. per annum usurious interest on the balance due at the end of each year, which balance, after the maturity of their said first mortgage, always contained the usurious interest charged for the previous year, whereby these respondents were, under the said arrangements with said Acree, obligating themselves to pay to him compound interest on usurious interest theretofore charged by him at the rate of 16 per cent. per annum; that these respondents have never received from said Acree, since the execution of their first mortgage to him, on account of any of their mortgages to him, any money or other thing of value at any time except the sum of $55, which was advanced by said Acree in money to these respondents in the years of 1893 and 1894, and upon which said Acree charged these respondents at the rate of 16 per cent. usurious interest per annum; that respondents have from time to time paid to said Acree on account of said indebtedness about $2,000, largely more money than these respondents ever received from said Acree; that the balance claimed by said Acree against these respondents and expressed in said note and mortgage, is usurious interest entirely, as aforesaid."

At the April term of the court, as appears, before any evidence was taken in the cause, the chancellor made an order, requiring the register to ascertain and report "1st. The amount due on the said mortgage sued upon, including interest; 2d, the amount due upon the said mortgage, not including interest; 3d, the amount of usury or usurious interest, if any there is, in said mortgage or the debt secured thereby." Subsequently, at an agreed time, the register held a reference, and took evidence which he noted and reported to the court. He

reported to the ensuing fall term of the court, 1st, that the amount due on said mortgage, including interest, was $509.96 ; 2d, the amount due on said mortgage, not including interest, was $80 ; and 3d, that the usurious interest was $413.93.

The complainant filed separate exceptions to the report, on the ground that the question of usury *vel non* was referred to the register, it being a question for the court to decide ; that the testimony, as noted, shows that complainant made Folsom a loan direct, for $468.93, less 12 or 15 per cent. thereof, and it was immaterial what Folsom did with the money ; that it was not shown that complainant had any previous knowledge of transactions between Folsom and Acree ; that the loan from Mrs. May to Folsom was a separate and distinct transaction, and can not be tainted with the usury charged Folsom by Acree in previous transactions, and that the plea of usury is not specific enough in its terms to raise the question of usury., and it ought not to have been considered.

There was evidence introduced that just before the mortgage was executed Acree had been charging Folsom 16 per cent. interest on a large debt, of which the debt secured by the mortgage in controversy, represents a part, and that almost the entire debt was usurious ; and there was offered in evidence Folsom's receipts and old mortgages ; but these are not set out in the note of testimony stated in the abstract. The other evidence is sufficiently stated in the opinion.

At the same term the cause was submitted to the chancellor for final decree, upon the pleadings, the report of the register and the exceptions thereto, and the testimony noted by the register on the reference. On the 1st of November following, 1895, the chancellor made a final decree in the cause, confirming the report of the register, sustaining the plea of usury, and foreclosing the mortgage for the sum of $80 only, the amount named in the register's report. From this decree the complainant appeals, and assigns the same as error.

BORDERS & CARMICHAEL, for appellant.

SOLLIE & KIRKLAND, *contra.*

HARALSON, J.—1. It was rather a departure from the ordinary practice in chancery, for the chancellor to make the reference he did to the register, in advance of any evidence taken in the cause. We must presume, in the absence of anything to show to the contrary, that this method of procedure was adopted by the consent, or at the request, of the parties, for the purpose of procuring the evidence for the final submission and determination of the cause. There was no decree in the case until after the register had taken the evidence and reported it and his findings on it, in accordance with the directions of the chancellor previously given. In such aspect, the legal conclusions of the register amounted to nothing, for it was the province of the court, on the evidence thus taken, to determine the law of the case. This the court did, as well as to decide for itself the disputed question of fact. The case must be treated on review as if the case had been submitted and tried on evidence taken in the ordinary manner, and without reference to the conclusions of the register on the evidence taken by him.

2. First, let it be observed, that the plea of usury in this case, if applicable to complainant, is entirely insufficient and should have been disregarded by the court. A party who has made usurious payments on a debt, as we have repeatedly held, can not obtain credit therefor, unless he distinctly and correctly sets forth in the pleadings the terms and nature of the usurious agreement and the amounts of the payments.—*Stickney v. Moore*, 108 Ala. 590, and cases therein cited. There was no attempt to comply with this rule in the answer of defendant, Folsom. The statement in the plea of usurious payments is general and by no means specific.

3. In the next place, it does not appear that the complainant or her husband who acted as her agent in the transaction, ever knew, even, of the alleged usurious transactions between Acree and Folsom. The mortgage given, though taken in the name of Acree, was really taken for Mrs. May, and Folsom was so told at the time he executed it. It was to be immediately transferred by Acree to Mrs. May, upon her paying over the money, to secure which it was given. Her husband was told it was borrowed for Folsom, and not for Acree. May declined to take a transfer of Acree's old mortgage on Fol-

som, but agreed to lend the money, if Folsom and wife would make a new mortgage on the same property. May evidently did not desire to become complicated with Acree's and Folsom's old transactions, and took wise precaution from becoming so complicated. He was willing to lend his wife's money only on a new and independent security. The money was borrowed by Folsom for the purpose of paying Acree, to whom he was indebted, and who was pressing him, and for a balance he needed, and in the transaction, Acree simply acted as a go-between. It does appear, however, from Acree's testimony that May received 12 or 15 per cent. from Folsom for making the loan. He says : ''I brought it [the mortgage] to May and transferred it to him, [meaning his wife] and he paid me the money on it—its face value,—less 12 or 15 per cent. interest, out of which I deducted my debt, and paid Folsom the balance.'' With a proper plea of usury as to complainant and her mortgage, on this proof, the defendant would be discharged from the payment of any interest on the debt.—*Dawson v. Burrus*, 73 Ala. 111 ; *Hunt v. Acre*, 28 Ala. 581. But, in no event, as the case is presented to us, could the complainant's foreclosure be for less than the amount of money she actually loaned the defendant.

The chancellor erred, and his decree is reversed and the cause remanded.

Reversed and remanded.