# Snead *v.* Groover, *et al.*

### Assumpsit.

(Decided January 30, 1917.   74 South. 81.)

1. **Pleading; Verification; Waiver.**—Where no objection was made to the plea because it was not sworn to and issue was joined thereon, the objection that the plea denying plaintiff's ownership of the note sued on was not sworn to, was waived.

2. **Usury; New Loan; Right of Parties.**—If the president of a bank in good faith made a loan to a debtor of the bank to enable debtor to pay off his debt, charging him no more than the legal rate of interest he is not affected by the usury in the debt to the bank; but if the loan was not in good faith, but made as a substitute to defeat the usury statute, then such president cannot recover on the note given for the loan made by him.

3. **Same; Evidence.**—The evidence examined and held sufficient to carry to the jury the question of plaintiff's good faith in loaning to defendant money with which to pay a usurious debt owing by defendant to the bank.

4. **Charge of Court; Ignoring Issues.**—Where the action was on notes given to the president of the bank by a person owing a usurious debt to the

[Snead v. Groover, et al.]

bank, and the defense was that the loan was a mere substitute to avoid the usury statutes, charges which ignore the issue of good faith in making the loan were properly refused.

5. **Same; Abstract.**—In such a case a requested charge that a stockholder in the bank or its president are different persons in the eyes of the law from the bank itself, just as much as are two different individuals, was abstract.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by W. E. Snead against J. R. Groover and another. Judgment for defendants, and plaintiff appeals.    Affirmed.

The facts sufficiently appear.

The following charges were given for defendant:

(1) If you find from a consideration of the evidence that Snead acted as president of the Bank of Boaz, and as an individual and with a full knowledge of the usury and illegality of the contract, and made the loan of the money testified to for the purpose and with the intent of defeating the defense of usury and of depriving Groover of the right to assert the illegality of the contract, then your verdict should be for defendants.

(2) If Snead loaned Groover the money on the check indorsed by Groover for the purpose and as a part of a scheme to defeat the usury in the loan made by the Bank of Boaz and with full knowledge on the part of said Snead, acting both as president of the bank and as an individual, although Snead actually loaned Groover the money from his own account, your verdict should be for the defendant.

The following charges were refused to directing a verdict for plaintiff on defendant's plea 4:

(4) If you are reasonably satisfied that plaintiff actually furnished the money to pay off the note to the bank which defendant owed plaintiff, and the money so furnished was the money of plaintiff, and not the money of the bank, then your verdict should be for plaintiff.

(5) If the bank has no interest in the note sued on, your verdict should be for plaintiff.

(6) If the note sued on had all the time been the property of Snead, and if the bank had no interest therein, then your verdict should be for plaintiff.

(7) Unless defendant has proved to your reasonable satisfaction that the note sued on belonged to the bank, then you must find for defendant.

[Snead v. Groover, et al.]

(8) If both Snead and Groover knew that the debt to the bank was infected with usury, yet if Snead really lent Groover his own money, and if the note sued on was given to Snead for such loan, then plaintiff is entitled to recover the amount of the note sued on, and it would make no difference that Snead knew that the effect of this would be to terminate Groover's right to set up the interest, or that Snead intended it should have this effect.

(9) Affirmative charge for plaintiff.

(10) A stockholder or president of a bank is a different person from the bank itself, and a stockholder or president of a bank may lend a third person money to pay usurious debt to the bank, and, if he does so, usury cannot be pleaded to a suit for the recovery of the loan, and this is true, although the stockholder or president knew the purpose for which the money was wanted, and knew of the usury, and although the stockholder or president was desirous to lend him the money and even anxious to do so, in order that the usurious debt to the bank might be paid, and the right of the borrower to plead usury thereby terminated.

(11) A stockholder in a bank, or the president of the bank, is a different person in the eyes of the law from the bank itself, just as much as are two different individuals.

STREET & BRADFORD, and McCORD & ORR, for appellant. JOHN A. LUSK & SON, and A. E. HAWKINS, for appellee.

BROWN, J.—(1) While plea 1 is essentially a plea denying the plaintiff's ownership of the note, and should have been sworn to, no objection was made to the plea, and the joinder of issue without objection waived the defect.—*Milligan v. Pollard,* 112 Ala. 465, 20 South. 620.

Pleas 4 and 5 allege, in substance, that the sole consideration of the note is usurious interest charged on a loan made by the Bank of Boaz to the defendants, and that plaintiff, the president of the bank, as a subterfuge, and for the purpose of evading the law and cutting off the defense of usury, took the note in his own name. These pleas present the defendants' theory of the case.

The plaintiff's theory is that the bank refused to carry the loan for the defendants, and that he (plaintiff) made the defend-

ants a loan out of his private funds to pay the debt to the bank, and that the bank had no interest in the indebtedness represented by the note in suit.

There is no controversy in the evidence that the transaction culminating in the execution of the note originated in a loan of $375 made by the Bank of Boaz, of which the plaintiff was president, that the defendants had paid on the loan, in two payments, $378, and had on two or more occasions given renewal notes, all of said transactions being conducted by the plaintiff for the bank.

The evidence offered by the plaintiff tends to show that he agreed with the defendant to make him a loan out of his own funds to take up the note held by the bank, and that he did make such loan and took the note involved here, and the bank surrendered its note to the defendants.

The evidence on the part of the defendant Groover shows that there was no suggestion by the plaintiff of any such loan, and he denies that such loan was made, and his testimony tends to show that he undertook to give a renewal note to the bank for the amount of the indebtedness, and, without his knowledge or consent, the plaintiff, who drew the note, made it payable to himself; that he thereupon drew a check in favor of the defendant and shoved it through the cashier's window and asked defendant to indorse the check; that the note was signed and the check indorsed before defendant had any knowledge that the note was made payable to plaintiff.

(2) "A loan made in good faith, and at a legal rate of interest for the purpose of enabling the borrower to pay a debt owed to a third person, is not affected by the usury that may inhere in such debt."—4 Cyc. 999 (IV, G, 5 b); *May v. Folsom*, 113 Ala. 198, 20 South. 984.

On the other hand, if, in fact, the plaintiff made a loan to the defendants, and the loan was not in good faith, but a mere subterfuge to defeat the statute of usury, and the entire consideration of the note was usurious interest, the plaintiff was not entitled to recover.

(3) Under the evidence and its tendencies, the question as to whether the plaintiff loaned money to the defendants and the bona fides of the loan was for the jury, and the affirmative charges on all the issues and also as to plea 4 requested by the plaintiff were refused without error.

[Greenwood Cafe v. Walsh.]

Charges 1 and 2 given at the request of the defendants asserted correct propositions as applied to the issues and were properly given.

In view of the tendencies of the evidence to show that the note sued on was a renewal note for an indebtedness originally due to the bank, and the evidence of payment thereon, charge 2 was properly refused.

(4, 5) Charges 4, 5, 6, 7, 8, 9, and 10 ignore the issue of good faith, and charge 11 is abstract.

Affirmed.