# Neville *v.* Kenney.

*Bill in Equity for the Sale of Lands for Division be-
tween Tenants in Common.*

1. *Sale of decedent's lands for the payment of debts; jurisdiction
   of probate court; omission to state names of heirs.*—On appli-
   cation by an administrator to the probate court for the sale
   of lands of his intestate's estate, for the payment of debts,
   the jurisdiction of the court attaches upon the filing of the
   petition containing jurisdictional averments; and the pro-
   ceedings being *in rem*, the omission to make one of the heirs
   a party or to state his name with the others, does not render
   the sale void, nor can such heir impeach the sale or the pro-
   ceedings collaterally.

2. *Same; same; sufficiency of averment on collaterial attack.*—In a
   petition by an administrator for an order to sell lands of his
   intestate's estate for the payment of debts, the essential juris-
   dictional averments are the existence of the· debts of the es-
   tate and the insufficiency of the personal property to pay the
   same; and when the court has acquired jurisdiction upon the
   filing of a petition containing such averments, and proceeded
   to a decree, the decree and the sale thereunder are not open
   to callateral attack.

3. *Same; same; how fact of jurisdiction determined on collateral
   attack; insufficiency of averment in bill.*—The question as to
   whether, on an application by an administrator for an order
   to sell intestate's lands for the payment of debts, the probate
   court acquired jurisdiction in the proceeding, must be deter-
   mined from the face of the record which is made up of the
   petition and the decree based thereon; and when a petition
   filed by an administrator for such purpose alleges the exist-
   ence of an indebtedness, which is particularized as being for
   taxes due and owing for certain specified years, and there is

nothing on the face of the petition showing when the intestate died, or how long the administration had been pending, and it is distinctly averred that there was no personal property belonging to the estate, the jurisdiction of the court to order the sale of the lands attaches; and in a bill subsequently filed, attacking the decree of sale in such proceeding and the sale held thereunder, an averment in such bill that the intestate died many years before the taxes for which the lands were sold became due, and that at the date of the filing of the petition the administration had been pending for a number of years, such averment does not show a want of jurisdiction in the probate court of the proceeding for the sale of the land, and furnishes no ground for declaring the decree of the probate court and the sale thereunder void.

4. *Chancery pleading and practice; dismissal of bill in vacation.* While a bill should never be finally dismissed by decree rendered in vacation, on motion to dismiss for the want of equity, without first giving the complainant an opportunity to amend, the rendition of such a decree is not prejudicial to the complainant, when it is manifest that the bill can not be amended so as to give equity without a departure from the cause of action as stated therein.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed on December 14, 1898, by the appellant, Clara Neville, against James B. Kenney.

The bill alleges that the complainant is the granddaughter of Frederick Fleming, deceased, who died intestate, December 2d, 1865, while possessed of certain real estate therein described; that the complainant is the only child of August Fleming, who was one of the children of said Frederick, the other children being named; that John Lang having been appointed as administrator of the estate of Frederick Fleming, deceased, filed a petition in the probate court of Mobile county, on the 8th day of February, 1879, to subject said lands to sale for the payment of the debts of the deceased Frederick, as shown by a certain schedule, designated as Schedule "A". The bill then avers that the alleged debts, as shown in said schedule "A," were only the city taxes which had accrued upon the lands of the estate of said decedent, and were unpaid for the years 1875, 1876, 1877 and 1878, amount-

[Neville v. Kenney.]

ing in the aggregate to twenty-nine dollars and fourteen cents; and State and county taxes for 1878 upon 30 acres of land in Mobile county, and a vacant lot in the city of Mobile, amounting to $10.10; that said unpaid taxes constituted the only alleged debts of said estate; that such taxes accrued more than 10 years after the death of said decedent, and were not debts of said decedent, but were debts of the heirs of said decedent; that at the time said petition was filed, the said administration had been in existence for more than thirteen years, and all claims against said estate were barred; and that whether that is so or not, the said administrator in said petition shows no debts of the said estate of said decedent for which said lands were liable to be sold as part of the estate of said decedent.

It is averred in the bill that in the petition to sell said lands said administrator described the heirs of said decedent as Otto Fleming, of full age, Clara Lang, who was the wife of the said administrator, and Selma Drexler, former wife of Frank Drexler; and said administrator wholly omitted the name of complainant who had succeeded by inheritance to the right of her deceased father in said lands, and had become the owner of an undivided one-fourth interest in said lands; that no guardian *ad litem* was appointed by the probate court of Mobile county to represent complainant in said proceedings to subject to sale the above described lands for the payment of said alleged debts; that the hearing of said petition of said administrator to sell said lands was set for April 2d, 1879, and citation thereupon was issued only to Otto Fleming and Clara Lang; that interrogatories were filed to take depositions of certain witnesses in support of said petition, but that no citation was ever issued to cross said interrogatories to any other party interested in the said estate than to Otto Fleming.

The bill then proceeds to allege the setting of said matter for hearing, the hearing thereof, the decree of sale and the sale thereunder to the respondent, and confirmation of said sale and decree ordering the deed to the purchaser. It is further averred that all of the foregoing appears from the files and records of said cause in

said probate court, to which reference is prayed to be made. Complainant then avers that she is the owner of and undivided one-fourth interest in the lands described in the bill of complaint, and that the respondent, James P. Kenney, is the owner of the remaining three-fourths interest in said lands; and that said lands can not be equitably partitioned between complainant and said James P. Kenney.

The prayer of the bill is for the sale for the purpose of division between the alleged tenants in common.

The defendants moved to dismiss the bill for the want of equity. Upon the submission of the cause, the court rendered a decree granting the motion and dismissing the bill. From this decree the complainant appeals, and assigns the rendition thereof as error.

Fred'k. G. Bromberg, for appellant.—The bill has equity.—Code, 1896, § 828. Independently of the general provision of the Code, the bill has special equity derived from the facts of this case. The probate court cannot set aside the decree of sale in this case, because it ordered the sale not only of the interest of the appellant in the lands but also the interests of the three adult heirs of Frederick Fleming, deceased. Hence the appellant was compelled to resort to the chancery court to vacate the decree so far as it affected her, and so far as it is a fraud upon her rights.—*Kilgore v. Kilgore,* 103 Ala. 614; 12 Ency. Pl. & Pr., 162, 163. The probate court cannot annul the deed made by the administrator, because it is a good dead as to the three-fourths interest of the adult heirs of the deceased Frederick Fleming. *Jones v. Woodstock Iron Co.,* 95 Ala. 551; *Gilchrist v. Shackelford,* 72 Ala. 7; *Robertson v. Bradford,* 70 Ala. 387; *Smith v. Flournoy,* 47 Ala. 39; *Collins v. Johnson,* 45 Ala. 548.

The averment of indebtedness in the petition for the sale of the lands by the administrator was insufficient. The petition must allege that the lands are to be sold for the payment of debts.—Code, 1876, §§ 2448, 2450, 2451, 2454 and 2458; *Garrett v. Garrett,* 64 Ala. 263; *Sermon v. Black,* 79 Ala. 509. The petition lacked the jurisdic-

tional elements of showing indebtedness of the deceased. For that reason the petition was void, and all the proceedings based upon it were void and may be treated as nullities in any other court.—*DeBardeleben v. Stoudenmire*, 48 Ala. 643; *Robertson v. Bradford*, 70 Ala. 385; *Sermon v. Black*, 79 Ala. 507.

GREGORY L. & H. T. SMITH, *contra.*—When a person purchases, at an administrator's sale, he need inquire only whether the court decreeing the sale had jurisdiction of the subject matter. If so, no irregularity can affect the sale upon a collateral attack.—*King v. Kent's Heirs*, 29 Ala. 149; *Bland v. Bowery*, 53 Ala. 157; *Pettus Administrators v. McClanahan*, 52 Ala. 59; *Cotton v. Holloway*, 96 Ala. 544; *Smith v. Brannin*, 99 Ala. 446. The correct naming of the heirs is not a jurisdictional matter, and the omission of one of them will not vitiate the sale upon collateral attack.—*Lyons v. Hammil*, 84 Ala. 197. Nor will lack of notice of the application to confirm the sale vitiate it when the purchase is by a third person.—*Moore v. Cottingham*, 113 Ala. 148; *Kohn v. Haas*, 95 Ala. 478.

It is insisted that although the bill may have been entirely without equity, and might properly have been dismissed in term time, yet it was error to dismiss it in vacation, and thereby deprive the complainant of her opportunity to amend. It is true that such has been held to be the law in the case of *Martin v. Kelly*, 113 Ala. 577. It is submitted that the rule there laid down is not a universal rule. A bill is not properly dismissed for want of equity, where the defects contained in it can be cured by an amendment.—*Jackson County v. Derrick*, 117 Ala. 348; *R. R. Co. v. H. A. & B. R. R. Co.*, 117 Ala. 395; *Pate v. Hinson*, 104 Ala. 599.

DOWDELL, J.—The appeal in this case is prosecuted from the decree of the chancery court dismissing complainant's bill for want of equity on respondent's motion. The purpose of the bill is the sale of the land described, for division between the complainant and respondent as tenants in common. The complainant

claims title to an undivided one-fourth interest, by descent from her grandfather, Frederick Fleming, deceased. The bill charges that the respondent acquired title to the land by purchase at a sale made by the administrator of Frederick Fleming, deceased, under a decree of the probate court of Mobile county. The petition filed by the administrator in the probate court for the sale of the land is made an exhibit to the bill, and it is charged that the name of the complainant, who was at the time an infant, was omitted from the petition as one of the heirs at law of the said Frederick Fleming, deceased, and that no guardian *ad litem* was appointed. It is also charged that the testimony was not taken in the cause as in chancery cases, as provided by the statute.

It is here contended by the appellant in the first place, that the petition filed by the administrator in the probate court shows on its face, that the court never acquired any jurisdiction in the proceeding to sell the land, and that, therefore, the decree of sale made by that court and all proceedings had thereunder are null and void. And in the second place, if the probate court acquired jurisdiction, that the decree is invalid as to the complainant for the reason that she was never made a party to the proceedings had for the sale of the land.

From the foregoing statement it will be seen that we have presented for consideration practically but two questions. The first is, as to whether or not the decree of the probate court for the sale of the land is void for want of jurisdiction; the second is, as to whether or not, after jurisdiction is acquired by the probate court in a proceeding to sell land of the estate of a decedent, errors subsequently occurring in the proceedings will avoid the same.

It may be here observed, that if the decree of the probate court is void for want of jurisdiction, it is void *in toto,* and no title could pass to the purchaser at the sale had under the decree; all subsequent proceedings being an absolute nullity. On this phase of the facts the bill would be wanting in equity, as there could be no parti-

tion of the land between complainant and respondant as joint owners.

We will consider the two questions presented in the inverse order of their statement above. That a petition by an administrator to the probate court for the sale of lands of his intestate's estate for the payment of debts, is essentially a proceeding *in rem*, has been so often decided by this court, that it is unnecessary to cite authorities. And it is equally as well settled that in such cases, after jurisdiction has attached upon the filing of a petition by the proper party, who is the administrator, containing jurisdictional averments, the decree of the court, for errors and irregularities subsequently occurring in the proceedings, cannot be brought into question upon a collateral attack. It has also been definitely determined by this court, that the failure to make an heir a party to the proceeding, whether adult or infant, is immaterial, does not render a decree of sale open to collateral attack, although such an error may work a reversal on direct appeal. The names of the heirs not being an essential jurisdictional averment in the petition, their omission, when the decree is called into question collaterally, is deemed an error or irregularity intervening after jurisdiction acquired.—*Lyons v. Hamner*, 84 Ala. 197; *Duval's Heirs v. McLoskey*, 1 Ala. 708; *Duval's Heirs v. P. M. Bank*, 10 Ala. 636; *Field's Heirs v. Goldsby*, 28 Ala. 218; *Matheson's Heirs v. Hearin*, 29 Ala. 210; *King v. Kent's Heirs*, 29 Ala. 542; *Satcher v. Satcher*, 41 Ala. 26.

We come now to the consideration of the first proposition presented by appellant's contention—did the probate court acquire jurisdiction in the proceedings had in that court for the sale of the land in question? This must be determined from the averments contained in the petition filed by the administrator in that court. The petition was filed February 18th, 1879. No question is raised as to the averment in the petition of an insufficiency of personal property to pay debts, for it is distinctly averred that there was no personal property, but it is here urged that the averment in the petition as to the existence of debts of the estate is insufficient. The

averment of the petition as to debts, is as follows:
"Your petitioner further shows that there are debts and
liabilities still existing against said estate which will
fully appear by schedule 'A' hereto annexed and which
petitioner prays may be taken and considered as a part
of this petition." "Your petitioner, therefore, avers that
the personal estate is insufficient to pay the debts there-
of and that to pay the debts now justly due and owing
to sell that certain piece or lot of land which is described
as follows," etc. Schedule "A" contains a statement of
the taxes due the city of Mobile for the years 1875-6-7-8,
and the taxes due the State of Alabama for the year 1878.
It is averred in the bill that Frederick Fleming died inte-
state December 2d, 1865, and that at the date of the filing
of the petition the administration had been pending over
thirteen years. From this statement in the bill it is
now argued by counsel for appellant that the petition
shows on its face that the alleged indebtedness consisted
of taxes, which accrued after the death of the petitioner's
intestate, and was therefore not a debt of the intestate,
and there being no debts, the probate court was without
jurisdiction to decree a sale of land to the estate. While
it may be true as a matter of fact, that there existed no
debts at the time of the filing of the petition, for which
the lands of the estate could be decreed to be sold, still
upon a collateral attack, the existence or non-existence
of debts as a fact, is not the proper inquiry in determin-
ing whether the jurisdiction of the probate court had
attached. This question must be determined from the
face of the record, and this record is made up of the peti-
tion and the decree based thereon. Nothing appears
upon the face of the petition or decree showing when the
intestate died, nor how long the administration had
been pending. The filing of the petition by the proper
party, the administrator, averring jurisdictional facts,
confers jurisdiction on the court. The essential juris-
dictional averments are the existence of the debts of the
estate and the insufficiency of personal property to pay
the same. The jurisdiction is not acquired by any order
or decree of the court, but it attaches upon the filing of
a proper petition by a proper party. And after juris-

[Neville v. Kenney.]

diction has attached upon the filing of such petition, and
the court proceeds to a decree, although erroneous in the
adjudication of the facts, the jurisdiction remains, un-
less it should appear upon the face of the decree that in
the adjudication of the facts, the court ascertained some
jurisdictional fact to be wanting. It is insisted by coun-
sel for appellant, that the court *judicially* knew, when
the petition for the sale of the land was filed by the ad-
ministrator, that the administration had been pending
in said court for thirteen years. Judicial knowledge of
a fact is but a rule of evidence that dispenses with the
necessity of offering evidence as to such fact. It can no
more affect the question of the jurisdiction of the court
attaching upon the filing of the petition, than the inde-
pendent knowledge of the judge of the court of the non-
existence of the alleged indebtedness. In the averment
of indebtedness it is not necessary to specify the debts;
nor is any particular form of averment required. It is
sufficient to allege in general terms the existence of the
debts of the estate. The petition here did allege in gen-
eral terms the existence of indebtedness and in addition
particularized the same as taxes due and owing for cer-
tain years. There is nothing on the face of the petition
showing when the intestate died or how long the admin-
istration had been pending. When considered alone,
and this must be done, in determining the question of
jurisdiction attaching, the reasonable conclusion to be
reached as to schedule "A" which is made a part of the
petition taken in connection with other averment in the
petition, is, that the taxes accrued before the death of
the intestate. We are of the opinion, and so hold, that
the petition contained the essential jurisdictional aver-
ments, and the court having acquired jurisdiction upon
its filing and proceeded to decree, the decree is not open
to collateral attack upon the allegations of the bill.

While a bill should never be finally dismissed by de-
cree rendered in vacation on motion to dismiss for want
of equity without first giving the complainant an oppor-
tunity to amend, the reason of the rule ceases when it
is manifest that the bill cannot be amended without en-
tire departure so as to give it equity. Such is the case
here. There is no error in the record, and the decree
must be affirmed.