# Poole *et al.* v. Daughdrill, Admr. etc.

*Application by Administrator for Order to sell Lands for Payment of Debts.*

1. *Sale of lands by administrator for payment of debts; sufficiency of petition.*—In order for a petition by an administrator to the probate court for the sale of lands of his intestate's estate, for the payment of debts, to confer jurisdiction upon the court, such petition must contain the statutory averments (Code, § 158); and a petition filed by an administrator for such purpose, which fails to state whether any, or which, of the heirs are married women, and is wholly uncertain as to the heirship of one of the persons whose name

appears in the list of heirs, and fails to state who succeeded an heir who is stated to have died, is wholly insufficient; and the failure of the petition to make such averment will warrant a reversal of the order of sale.

2. *Same; appointment of administrator ad litem unnecessary.* On an application by an administrator to the probate court for the sale of his intestate's lands for the payment of his debts, the fact that one of the heirs of the intestate had died, does not authorize the appointment of an administrator *ad litem* to represent the estate of such heir; but the heirs of said deceased heir, as successors in title to the real estate, are the proper representatives of the interest which resided in their predecessor, and they should be made parties to the proceeding.

3. *Same; when existence of debts sufficiently shown.*—Where, in a petition filed by the administrator in the probate court for the sale of lands of an intestate's estate, it is stated that a paper attached as an exhibit shows the lebts and liabilities of the estate of the deceased that have been legally presented as claims against said estate, and which have not been paid, and to said petition there is annexed a schedule of debts, the existence of debts due by the estate is sufficiently shown by such petition and the exhibits thereto.

4. *Same; debts of estate not required to be proved by disinterested witness.*—In a proceeding in the probate court by an administrator, on application to sell lands of the intestate to pay the debts of the estate, it is not necessary, under the statute, (Code, § 164), that the existence of debts should be proved by the "deposition of disinterested witnesses." (*Quarles v. Campbell*, 72 Ala. 64, holding to the contrary, overruled). TYSON and SHARPE, J J., *dissenting.*

5. *Same; same; sufficiency of evidence.*—In a proceeding in the probate court on application of an administrator to sell his intestate's lands to pay the debts of the estate, where the petition avers the existence of debts and it is shown by the deposition of two disinterested witnesses that the estate owns no personal property, it will be presumed, in the absence of a bill of exceptions, or anything in the record to the contrary, that the debts were proved on the trial by evidence outside of the depositions.

APPEAL from the Probate Court of Perry.

Heard before the Hon. J. B. SHIVERS.

T. T. Daughdrill, as the administrator of the estate of John H. Poole, deceased, filed the following petition

in the probate court of Perry county, addressed to Hon. J. B. Shivers, judge of said court: "Your petitioner, T. T. Daughdrill, administrator in said court of the estate of John H. Poole, deceased, represents that the personal property of the estate of said decedent is insufficient for the payment of the debts thereof; and that the lands of said estate, which it is desirable to sell for the payment of the debts thereof are the following, to-wit: [here follows a specific description of the land sought to be sold]; that the heirs-at-law of said John H. Poole, deceased, are J. R. Poole, Willie Poole and Rosabel Poole, who reside in Marion, Perry county, Alabama; Henry Poole, who resides in Birmingham, Jefferson county, Alabama, and Jessie L. Poole, who resides in Marion, Perry county, in the State of Alabama, who died in Marion, Perry county, Alabama, on the 13th day of April, 1899, intestate, all of whom are over the age of twenty-one years. Wherefore your petitioner prays that the lands above described may be ordered to be sold for the purpose of paying the debts of said estate, and that such proceedings, orders and decrees may be had and made as may be proper and necessary to legally effect the sale of said lands for the purpose aforesaid, and to that end your petitioner prays that your Honor will appoint an 'administrator *ad litem*' of Mollie Poole, deceased, one of the heirs, to represent her interest in said estate. A paper hereto attached, marked Exhibit A, shows the debts and liabilities of said deceased that have been legally presented as claims against said estate and which have not been paid or satisfied by petitioner, the greater part of which petitioner believes to be valid. Petitioner, therefore, prays that said Exhibit A be taken as a part of this petition, and that such proceedings, orders and decrees may be had and made as may be necessary and proper to effect the sale of said lands for the purpose of paying the debts of said estate. And as in duty bound your petitioner will ever pray." etc. There was attached to this petition, as Exhibit A, a statement of

"claims presented and filed against the estate of James H. Poole, deceased." These claims amounted, after allowing the credits, to $1,661.63. Upon the filing of the petition, an order was made by the court stating a day to hear the petition. In the decree fixing the date the appears the following recital: "It appearing that Mollie Poole died in Marion, Perry county, Alabama, on the 13th day of April, A. D. 1899, and that her estate is interested in this proceeding; it is ordered by the court that Clifton C. Johnston, who is considered by the court a fit and proper person for that purpose, be and he is hereby appointed administrator *ad litem* of the estate of said Mollie Poole, deceased, to represent and protect the interests of said estate in this proceeding, and it is further ordered that said Clifton C. Johnston have notice of his said appointment and of the day set for the hearing."

There is set out in the record the deposition of two witnesses, each of whom testify that he is not interested, in any way, in the estate of John H. Poole, deceased, or in the administration thereof, and each of these witnesses, in answer to interrogatories propounded to them, testify that the said John H. Poole did not own any personal property at the time of his death, and there was, at the time of the filing of the application, no personal property belonging to the estate of John H. Poole, deceased.

On the submission of the cause, on the petition, the exhibit thereto and the deposition of the two witnesses, the court rendered a decree granting the relief prayed for and ordering the sale of the lands specifically described in the petition. From this decree the respondent appeals, and assigns as error the rendition thereof as error.

PETTUS & PETTUS and J. H. STEWART, for appellants, cited *Quarles v. Campbell*, 72 Ala. 64; *Meadows v. Meadows*, 73 Ala. 358; *Alford v. Alford*, 96 Ala. 385; Code, §§ 159, 164; 1835; 3380.

T. T. DAUGHDRILL and W. F. HOGUE, *contra*, cited *Garrett v. Bruner*, 59 Ala. 513; *Davis v. Tarver*, 65

Ala. 98; *Alford v. Alford,* 96 Ala. 385; *Kent v. Mansel,* 101 Ala. 334; *Garner v. Toney,* 107 Ala. 352.

SHARPE, J.—To conform to the statute authorizing sales of a decedent's lands by order of the probate court the application therefor must give *inter alia* "the names of the heirs or devisees and their places of residence, and must also state whether any, and which of such heirs or devisees are under the age of twenty-one years, or of unsound mind, or are married women." Code, § 158. The application for sale in the pending case is defective in several particulars. It fails to state whether any or which of the heirs are married women. It is wholly uncertain as to the heirship of Jessie L. Poole, whose name appears in the list of heirs as "Jessie L. Poole, who resides in Marion, Perry County, in the State of Alabama, who died in Marion, Perry County, Alabama, on the 13th day of April, 1899." It mentions Mollie Poole as a deceased heir without stating who succeeded as heirs to her title. While these defects do not render the judgment subject to collateral attack, they make such irregularity as is cause for reversing the judgment.—*Bozeman v. Bozeman,* 32 Ala. 389 ; *Neville v. Kenney,* 125 Ala. 149 ; *Bingham v. Jones,* 84 Ala. 202; *Lyons v. Hamner,* 84 Ala. 197.

In the application an administrator *ad litem* is prayed for to represent the estate of Mollie Poole, and one was appointed for that purpose. This also was irregular. The lands of an intestate pass not to his personal representatives but to his heirs. His heirs are those upon whom the law casts the estate whether by descent, ascent, or collateral line. When after inheriting, one of such heirs dies, there is no abeyance, but title to his interest though undivided, is immediately transmitted to his heirs. The statutory requirement relative to stating the names, etc., of heirs intends to include all those holding the title to be divested by the proceeding whether taking immediately or by removed succession from the intestate whose estate is being administered. Such successors in title are the proper representatives of the interest which resided in their predecessor. It

may be that an executor or regular administrator of the original heir needing the realty for the payment of debts would come within the statute which entitles any "person interested in the estate" to contest the application for sale, but there can never be use for an administrator *ad litem* in such cases.

Treating the annexed schedule of debts as part of the averments, the petition sufficiently avers the existence of debts.—*Neville v. Kenney, supra.*

To sustain an application of this character the statute requires "the applicant must show to the court that the personal property of the estate is insufficient for the payment of debts; and such proof must be made by the deposition of disinterested witnesses, and filed and recorded."—Code, § 164. In *Quarles v. Campbell*, 72 Ala. 64, it was held that in order to show a necessity for selling land to pay debts, proof is needed to show the existence of debts as well as to show the value of personalty and that, therefore, evidence on both these matters must be had by depositions. Justice Tyson and the writer are unable to find fault with that view; but the majority of the court hold the statute does not intend that depositions must necessarily be used to prove debts, but that they may be proved by evidence adduced in the ordinary mode. This is apparently in consonance with what is said in *Mayor v. Miller*, 124 Ala. 434, and also in *Alford v. Alford*, 96 Ala. 385, wherein the opinion in *Quarles'* case was criticised as unsound. Accordingly the prevailing opinion is that where as here it is shown by depositions that the estate owns no personalty it will in the absence of a bill of exceptions or other thing in the record to the contrary be presumed that debts were proved on the trial by evidence outside the depositions.

Reversed and remanded.